PER CURIAM.
This appeal questions the correctness of the trial court’s award of a fee to a receiver. It is contended on appeal that the fee granted was excessive, and that no fee should have been awarded because the receiver failed to comply with Rule 3.20, Florida Rules of Civil Procedure, 31 F.S.A., in that he did not file the reports required thereunder.
The main controversy in this cause arose out of a partnership dispute between two attorneys, Eliot R. Weston and Robert R. Frank. The plaintiff below, Weston, sought, inter alia, an accounting and the appointment of a receiver to liquidate and preserve the assets of the partnership. The appellant, Frank, defendant below, seeks to review a final decree assessing a receiver’s fee against both partners in the amount of $8,750. The court appointed receiver in these proceedings, Milton Feller, is the ap-pellee.
There was competent testimony that the case lasted for eight or nine months, and that the receiver expended five hundred *18 ■four hours in the performance of his duties. A management consultant testified that it was a difficult receivership and that the book value cost of the partnership owned property was $1,000,000, the equity of which was in the neighborhood of $379,000. The consultant also testified that a reasonable fee for the services rendered was $15,000.
There was a dispute as to whether the receiver actually devoted five hundred four hours as reported, since during the same period he was a municipal judge and was maintaining a regular law practice. The receiver’s fee was assessed at $8,750 and an order awarding that amount was entered against both parties to the suit, hut only the appellant has challenged the correctness and amount of the award.
The appellant candidly admits that he can cite no authority for the proposition that the receiver should be denied a fee solely because of an alleged failure to comply with Rule 3.20. The receiver filed a total of eight documents during this period; however, it was claimed that no inventory or periodic reports were ever filed, as required by Rule 3.20. However, it is conceded by the appellant that neither party demanded exact performance or compliance with the rules until the hearing on the question of the fees.
The chancellor had this question before him when determining the reasonableness of the fee. The rule provides for the proper procedure and remedy for its violation, and it was not sought to be invoked by the appellant. We find that there was substantial competent evidence in the record to sustain the amount allowed for fees to the receiver, and that no abuse of discretion has been shown.
The appellee has suggested a procedural point for dismissal of this appeal, hut in view of our determination that it shall be upheld on the merits, it is not necessary to discuss or consider this point.
The judgment is therefore
Affirmed.